## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

DETRIC LESTER and

CHARLIE BURT

CIVIL ACTION
NUMBER    11C-0  34 - 3

**PLAINTIFF**

VS.

BELK, INC.

**DEFENDANT**

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

Genet M. Hopewell, Esq.
Burroughs Johnson Hopewell Coleman, LLC
South DeKalb Business Park
4262 Clausell Ct., Suite A.
Decatur, Georgia 30035

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  30  day of  March  ,20 11.

Tom Lawler
Clerk of State Court

By: _Donna Benson_
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

COC SC-1 Revised 12-99

**EXHIBIT**

EX. A

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DETRIC  LESTER and )
CHARLIE BURT, )
    Plaintiffs, )
  )
  )
vs. ) CIVIL ACTION FILE NO.
  )
  )
BELK, INC., ) 11C - 02734 - 3
    Defendant. )


## COMPLAINT FOR DAMAGES


COME NOW the plaintiffs in the above-styled action and hereby files this complaint against Defendant, BELK, INC., and shows the Court as follows:

1.

Defendant,  a foreign  corporation duly registered and authorized to transact business in the State of Georgia, is subject to jurisdiction and venue in this Court.  Defendant is engaged in the business of owning and/or operating retail stores and service of process may be perfected upon defendant through its registered agent, National Registered Agents, Inc., 3675 Crestwood Parkway,  Suite  350,  Duluth, Gwinnett County, Georgia 30096

2.

This is a negligence action brought by plaintiffs to recover all damages suffered as a result of  defendant's failure to keep premises located at 1454 Dogwood Drive , Conyers,

Georgia in a safe condition which ultimately caused plaintiffs to suffer personal injuries and physical mental pain and suffering.

3.

That on August 31, 2009, and at all times relevant hereto, Defendant owned or operated, leased and\or possessed a business known as Belk Department Store, located at 1454 Dogwood Drive, Conyers, Georgia, specifically for the purpose of providing retail sales to the general public and business invitees.

4.

That on or about On August 31, 2009, plaintiff Detric Lester entered the Belk Department Store located at 1454 Dogwood Drive, Conyers, Georgia, as a business invitee. She proceeded through the store to the shoe department and took a seat while being served by store personnel. She was seriously injured when the chair in which she was seated broke and caused her to fall to the floor.

5.

Plaintiff Detric Lester's fall was the direct result of the unsafe condition in which the defendant maintained it's premises, including but not limited to the furniture and furnishings therein.

6.

Defendant acted negligently failing to properly maintain its premises, including the

furnishing therein, in a hazard free condition and in failing to properly inspect its property for potential safety hazards.

7.

That as a direct and proximate result of Defendant`s negligence, Plaintiff Detric Lester suffered serious bodily injury which has required medical treatment, physical therapy and medication for pain. That as a direct and proximate result of Defendant`s negligence, Plaintiff Detric Lester has additionally missed valuable time from her employment. Her special damages as a result of this accident are in excess of $77,000.00.

8.

Defendant had actual and\or constructive knowledge of dangerous or hazardous conditions of the property which was superior to the knowledge that plaintiff had of said condition. Defendant failed to warn said plaintiff of the dangerous r hazardous condition on it's property.

9.

That at the time of the incident complained of herein, defendant had a duty to exercise ordinary care to maintain it premises in a safe condition, to correct any dangerous conditions of which they knew or should have known and to warn Plaintiffs of any dangerous condition of which it had or should have had knowledge greater than the plaintiff.

10.

That at the time of the incident complained of herein, defendant breached its duty owed to Plaintiff by negligently and carelessly maintaining its premises; negligently failing to discover a dangerous and unsafe condition on it premises, failing to remedy a dangerous condition on it's premises and by failing to warn Plaintiff of a dangerous condition on it's property .

11

At all time relevant herein, plaintiff was exercising due care for her own safety.

12.

Plaintiff has a right to recover for all general and special damages associated with her personal injuries, including but not limited to pain and suffering.

13.

Defendant having been negligent as described above and said negligence having caused severe injuries to Plaintiff Detric Lester, she is entitled to recover from defendant all damages allowed under Georgia law, including but not limited to damages for her personal injuries.

14.

All of Plaintiff Detric Lester's injuries and damages, as aforesaid, were caused solely, directly and proximately by the negligence of the Defendant.

## COUNT II

### 15.

Plaintiffs' re-allege and incorporate by reference the allegations of Paragraph 1 - 15 as if set out verbatim hereafter.

### 16.

At all times relevant hereto, plaintiff Charlie Lester was the husband of Plaintiff Detric Lester. Due to the injuries suffered by Plaintiff Detric Lester as enumerated herein above, Plaintiff Charlie Lester has lost the services, society and consortium of his spouse.

### 17.

Defendant having been negligent as described above and said negligence having caused serious personal injuries to Plaintiff Detric Lester, Plaintiff Charlie Lester, as her spouse, is entitled to recover from Defendants for his losses as described herein.

**WHEREFORE,** Plaintiffs respectfully pray as follows:

    (a)    For a trial by jury;

    (b)    That judgment be entered against the Defendant in an amount to be determined by a jury of plaintiffs' peers;

    (c)    That all costs of this action be cast against Defendant and in favor of the Plaintiffs; and,

    (d)    That the Court grant such other and further relief that it deems just

and proper.

Respectfully Submitted,

Genet M. Hopewell
State Bar No.  493920
Attorney for Plaintiff

Burroughs Johnson Hopewell Coleman, LLC
4262 Clausell Court, Site A
Decatur, Georgia 30035
(404) 289-2244

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DETRIC  LESTER and )
CHARLIE BURT, )
   Plaintiffs, )
 )
 )
vs. ) CIVIL ACTION FILE NO.
 )
 ) 11C-02734-3
BELK, INC., )
   Defendant. )

## PLAINTIFF S' FIRST INTERROGATORIES TO DEFENDANT

  Plaintiffs herewith request that Defendant answer the following interrogatories within Forty-Five (45) days, under oath, in accordance with O.C.G.A. § 9-11-33.

**NOTE A:**  When used in these interrogatories, the term Defendant, or any synonym thereof, is intended to and shall embrace and include, in addition to said Defendant, counsel for Defendant and all agents, servants, employees, representatives, investigators, insurance adjusters and other persons or agencies who are in possession of, or who may have obtained, information on behalf of Defendant.

**NOTE B:**  Throughout these interrogatories, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished:

1.

  By whom it was made and to whom;

2.

The date upon which it was made.

3.

Who else was present when it was made.

4.

Was it recorded or described in any writing of any type?  If so, identify each such writing and the manner indicated in Note C below.

**NOTE C:**

Whenever Defendant is requested to identify any communication, memorandum or record of any type, and such communication was written, the please identify the maker and the recipients of said communication.

**NOTE D:**

"Person" includes not only natural persons, but also corporations, companies, firms, partnerships, associations, joint ventures and other entities

**NOTE E:**

"Document" includes:

1.

All communications, letters, correspondence, memorandum, records, reports, notes, drafts, minutes of meetings, books, papers, magazines, newspaper articles, brochures, pamphlets, literature, advertising, computations, tabulations, computer printouts, bills, statements, invoices,

accounts, checks, tape recordings, photostats, motion pictures, video recordings, slides,

photographs, sketches, charts, graphs, and any similar objects, or any other written, printed,

recorded or video matter or tangible things which any words or phrases are fixed or conveyed;

2.

Copies of such documents upon which appear any initialing, notation, or handwriting of

any kind, not appearing on the original.

3.

Such documents, whether they were prepared by Defendant or Defendant's agent,

representatives or attorneys for their own use or transmittal in any manner, or will receive by any

means by Defendant; and

4.

Such documents, wherever located, whether in the files of any agent, attorney or

representative of Defendant or in any file in the possession or direction for control of the

Defendant.

**NOTE F:**

Where Defendant is asked to identify a document, designate the type of document, (i.e.,

letter, report, book, brochure, memorandum, etc.); please give information sufficient to enable

Defendant to identify the documents, including the name and address of the addressee or

addressees, the name and address of the author or signer, and the name and address of persons

copy with a copy of the documents; and the location of the document.

**NOTE G:**

Where Defendant is asked to identify a document which is deeded by the Defendant to be properly withheld from subsequent production for inspection or copying on the grounds of privilege, identify the document by stating the title or subject heading, date, author, address and persons copies and state the privilege asserted.

**NOTE H:**

Where Defendant is asked to identify a person, state the persons full name and present or last known residence and business address and telephone numbers.

**NOTE I:**

These interrogatories shall be deemed continuing and supplemental answers shall be required if the Defendant, directly or indirectly, obtains further information of the nature sought herein between the time answers to the interrogatories are served and the time of trial.

**INTERROGATORIES**

1.

List the names, addresses, official title (if any), and other identification of all witnesses or persons, other than experts, who saw or claim they saw any part of the occurrence referenced in the attached Complaint, or who have any knowledge of any facts pertaining to the allegations in the Complaint. This interrogatory is specifically intended to include, but is not limited to, any who was present at the scene when the incident occurred ore shortly thereafter, who investigated any aspect of the incidents complained of in the complaint, or who have knowledge of liability, damages or other issues relevant to the determination of this lawsuit.

2.

Indicate the nature and substance of the fact or facts known by each such witness identified in the preceding interrogatory.

3.

For any expert witness whom you intend to have testify at the trial of this case or who you have specifically retained at this point, please give:

(a)     The field of expertise for the witness;

(b)     The subject matter on which the expert is expected to testify;

(c)     The substance of the facts and opinions to which the expert is expected to testify; and,

(d)     A summary for the grounds of each such opinion.

4.

Please identify all persons who have given written or oral statements covering facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

5.

Please list, identify and describe the contents of each document of which you have knowledge, whether in your possession or not, which is relevant to this cause of action and/or will be relied upon by you to demonstrate and support any facts relevant to this litigation.

6.

Please provide the name(s) and address (es) of the person (s) providing the responses to these interrogatories.

7.

To your knowledge has there been any surveillance or taking of photographs of any party, witness or potential witness?  If so,:

(a) Identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance.

(b)  Identify each record, tape, film or other recording if such surveillance or any written document pertaining to such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

8.

Please identify any photographs, motion pictures, charts, or diagrams or other pictorial representations concerning the events and happenings as alleged in the complaint and  describe the contents of each such item and state when, where and by whom it was taken or made.

9.  .

If you or anyone on your behalf had any conversation with plaintiffs or anyone regarding the incident, which is the subject matter of this lawsuit, please give the substance of any conversation, the name of the person with whom you spoke and when said conversation took

place.

10.

If you have knowledge of any statement made by anyone not covered by the preceding interrogatory, please state the name of the person making such said statement, his employer, the contents of the statement and the date the statement was made.

11.

Describe in detail your version of how the incident which is the subject of plaintiff's complaint occurred.

12.

With particularity sufficient to satisfy O.C.G.A. § 9-1126(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiffs by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiffs against Defendant or against any other person, firm or corporation who is or may be liable to Plaintiffs by reason of the incident described in the complaint and give the amounts of liability coverage of all such policies

13.

If you contend that the plaintiffs have brought this action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this is action.

14.

Was a report made by any person concerning the incident or happening alleged in the complain? If so state:

    (a)    the name, title, identification number, and employer of the person who

          made the report;

    (b)    the date and type of report made;

    (c)    the name,  address, and telephone number of the person for whom the report

          was made.

## 15.

Have you or anyone acting on your behalf inspected the scene of the incident in reference to plaintiff's fall ? If so, for each inspection give:

    (a)    the name, address, and telephone number of the individual making the

          inspection; and

    (b)    the date of the inspection.

    (c)    The findings as a result of said inspection.

## 16.

Identify each person, corporation, firm, association, or other entity(including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case, describe the nature of each such investigation, and state which of the investigators are in your regular employ.

## 17.

Please state whether there existed, prior to the incident which is the subject of Plaintiffs' Complaint, any procedure or program for the regular inspection to identify and/or discover potential hazards, including but not limited to faulty or defective chairs and other furnishings

within the store and at the site within the store where plaintiff's accident occurred?  If yes:

(a)  Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State at what times the procedure or program was carried out on the date of the incident alleged in plaintiff's complaint; and

(d) Identify and produce all documents relating to each such procedure or program and their findings on the date of plaintiff's fall.

### 18.

Please state whether there existed, at any time during your ownership of the property, any procedure or program for the regular inspection of the premises designed to identify and/or discover potential hazards to faulty or defective chairs and other furnishings.  If so, provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program and the dates during which such procedure was in effect.

### 19.

For any additions or changes in furniture, design, layout, or dimension that have been made to the property at specific site where plaintiff's accident occurred after the incident alleged in the complaint through the date to present, please give:

(a)     the date and nature of any such changes:

(b)     the identity of the person who made such changes;

(c)     the identity of the person who designed such changes;

20.

Within the five (5) years preceding the date of plaintiff's accident as alleged in the complaint, to present, has the Defendant received or become aware of any claims, lawsuits, workers' compensation or other claims for bodily injury resulting from slip and fall accidents or injuries alleged to have been suffered by any person at the property where Plaintiff alleges in that she was injured.

21.

For each claim mentioned in your answer in Interrogatory number 20, please state:

(a) The date of alleged injury;

(b) The exact location at the store where the individual allegedly fell;

(c)     The cause which said individual alleges was responsible for the fall;

(d)     The name and address of alleged injured person(s); and

(e)     The name, addresses, telephone numbers, present place of employment, work , job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said fall.

(f)     The name and address of injured person's attorney if a lawsuit or worker's compensation claim was filed

22.

If you contend that the injuries complained of in the complaint were caused by the negligence of any person (s)  other than yourself or your agents and servants, please identify:

(a) The party whom you contend was guilty of such negligence;

(b) Every act of negligence, which you contend they committed which caused or
   contributed to the injuries complained of in this case

(c) Each and every fact and reason upon which you base your contentions concerning
   acts of negligence committed by such party;

(d) Each person who has knowledge or information concerning each such fact.

23.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in plaintiffs' complaint.  If yes, state:

(a) The date on which you acquired such knowledge or information;

(b) What knowledge or information you had;

(c) The identity of the person(s) who made such knowledge or information known to you

(d) The identity of the person(s) who took any remedial or corrective action and the date
   thereof; and

(e) Identify any documents relating to such remedial or corrective action.

24.

Please identify and give the job title and employment dates of any person who was

employed by Defendant who:

(a) Was working at the store where Plaintiff's fall occurred on the date of Plaintiff's fall;

(b) Worked at the above-referenced location at any time 1 (year) prior to through the date of these interrogatories.

25.

Please identify all employees working in the Shoe Department on August 31, 2009 and give their job titles and the hours that they worked on that day.

26.

On the date of plaintiff's fall, identify the person(s) responsible for maintenance of the property where the incident which is the subject of this complaint.

27.

On the date of plaintiff's fall, how frequently was the area where the incident allegedly occurred inspected for hazards or other dangerous conditions.

28.

On the date of plaintiff's fall, please give the following information regarding the frequency of the cleaning and or inspection of the area where Plaintiff allegedly fell:

(a)     The date time it of any cleaning, maintenance or inspection;

(b)     The identity of the person who performed the services;

(c)     A description of the services performed.

29.

Identify all written agency, franchise or other agreements between Defendant and any person who may be liable for all or part of the injuries alleged in the complaint.

30.

Identify all oral or implied contracts or indemnity agreements between Defendant and any other entity which may be liable plaintiff for all or part of the claims set forth in plaintiff's complaint. In this context, "identify" means to state precisely the substance of such oral or implied contract or agreement as you contend it to be.

31.

Were you aware, before the filing of the complaint in this action that Plaintiff alleges that she fell and was injured on Defendant's property.

Respectfully Submitted,

Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiff

Burroughs Johnson Hopewell Coleman, LLC
4262 Clausell Court, Site A
Decatur, Georgia   30035
(404) 289-2244

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

DETRIC LESTER and )
CHARLIE BURT, )
       Plaintiffs, )
  )
  )
vs. ) CIVIL ACTION FILE NO.
  )
  )
BELK, INC., ) 11C-02734-3
       Defendant. )

## PLAINTIFF'S FIRST REQUEST FOR

## PRODUCTION OF DOCUMENTS TO DEFENDANT

You are requested to produce, pursuant to O.C.G.A. § 9-11-34 (Ga. Code Ann. 81 A-134), the documents and records set forth below for inspection and copying by the attorney for Plaintiffs the forty-fifth (45th) day after service, where adequate facilities are available for copying.

**DOCUMENT:** As used herein, the term "document" or any synonym thereof shall embrace and include, without limitation, the following items, whether printed or recorded, or filmed, or reproduced by any process, or written or produced by hand and whether or not claimed to be privileged against discovery on any grounds, and whether an original, master or copy: all books, records, invoices, receipts, bank statements, books of account, tax returns, tax records, both Federal and State, warehouse reconciliation statements; writings; contracts; reports;

memoranda; books; worksheets; correspondence; drafts; notes; drawings, charts; photographs;

computations; recordings; computer tapes or any other data compilations; and any and all other

writings, types, printings, or drafts or copies or reproductions of them irrespective of form.

  All letters, handwritten notes, correspondence, invoices, telegrams, memoranda,

records, minutes of all types of meetings, contracts, subcontracts, letter agreements, agreements,

warranties, guarantees, intra and inter office communications and memoranda, audited and

unaudited or unaudited financial statements, profit and loss statements, audit reports, projections,

account summaries, daily collateral reports, analysis, results of investigation and/or surveys;

reviews, bulletins, estimates, appraisals, recommendations, critiques, reports, financial

calculations, diaries, books, manuals, and publications, laboratory and engineering reports and

notebooks, charts, plans, sketches and drawings, photographs, opinions and reports of

consultants, reports and summaries of negotiations, brochures, pamphlets, categories and catalog

sheets, advertisement circulars, trade letters, press, publicity, trade and product releases, drafts of

original or preliminary notes on and marginal comments appearing on, any document,

periodicals, desk calendars, appointment books, messages, instructions, phone logs, work

assignments, notes, notebooks, drafts, data sheets, telephone records, statistical reports, facsimile

reports, telecopy reports, tapes, tape recordings, partial or complete reports of telephone

conversations, public statements, newspaper or other medial releases, microfilm, microfiche,

computer printouts, computer tapes, public and governmental filings, opinions, and other

information containing paper, writing, recording, magnetic recording, optical recording or

physical thing.

  If any document was, but is no longer in your possession or subject to your

control, identify the document and state its present location or the disposition which was made of

it and the date thereof.  A request to produce a document is a request to produce the original of said document.  A copy may be produced if the original is unavailable for some legally specific reason.

**MANNER OF PRODUCTION**:  The documents produced pursuant to this request shall be separately produced for each paragraph of the request, or, in the alternative, shall be identified as complying with a particular paragraph or paragraphs of the request in which they are responsive.

**PRIVILEGED DOCUMENTS**:  In the event the Defendant wishes to assert either attorney/client privilege or trial preparation material privilege or both, as to any document requested by any of the following specific requests, then as to each such documents, provide Defendant with an identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the names of each person to whom the original or any copy was circulated, the names appearing on any circulation list of Defendants a summary statement of the subject matter of each document in sufficient detail to permit a determination of the validity of such assertion in the event of a motion to compel and a detailed statement of the facts relied upon as the basis for the assertion of privilege or exclusion.

**DOCUMENT REQUESTED**:  The documents and records which you are notified and requested to produce are as follows:

1.

All  documents identified in or used by the Defendant to respond to Plaintiff's First Interrogatories.

2.

All  statements obtained by the Defendant and/or any representative of the Defendant, including insurance adjusters.

3.

All  documents that Defendant intends to rely upon in the preparation of this case for trial and the trial of this case or which may contain material, information which is or may be relevant to this action.

4.

All liability insurance policies which might cover you or provided coverage for the incident alleged in plaintiff's complaint.

5.

Each and every document comprising a report made by any person or entity that has conducted an investigation to determine any facts pertaining to any issue in this case.

6.

Each and every document comprising a report made by any person you expect to call as an expert  witness.

7.

Each and every document relating to any written, oral or  recorded statement referenced in plaintiff's first interrogatories.

8.

Any document containing any information which has been received by you from any doctors, hospitals, or any other health care providers concerning plaintiff's condition before or after the happening of this accident.

9.

An and all inspection, cleaning or maintenance records for the Belk Department Store located at 1454 Dogwood Drive, Conyers, Georgia for the date of August 31, 2009.

10.

An and all inspection, cleaning or maintenance records for the Belk Department Store located at 1454 Dogwood Drive, Conyers, Georgia for the (6) six month period preceding the incident which is the subject of this lawsuit.

11.

An and all inspection, repair or maintenance records identified in response to plaintiff's first interrogatories.

12.

Copies of any or photographs, drawings, diagrams ad/ or audio or video recordings of the incident which is the subject to the complaint herein.

13.

Copies of any or photographs, drawings, diagrams and or audio or video surveillance of

plaintiffs or any person who is or may be a witness in the litigation herein.


Respectfully Submitted,

Genet M. Hopewell
State Bar No.  493920
Attorney for Plaintiffs



Burroughs Johnson Hopewell Coleman, LLC
4262 Clausell Court, Site A
Decatur,  Georgia 30035
(404) 289-2244

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DETRIC  LESTER and                        )
CHARLIE BURT,                             )
      Plaintiffs,                      )
                                       )
                                       )
vs.                                       )   CIVIL ACTION FILE NO.
                                       )
                                       )   11C-02 34- 3
BELK, INC.,                               )
      Defendant.                       )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACT TO DEFENDANT

YOU ARE HEREBY NOTIFIED that the above-named Defendant, pursuant to O.C.G.A.

Section 9-11-36, is requested to make the following admissions for the purpose of this action

only and subject to all pertinent objections to admissibility which may be interposed at the trial.

1.

That the Defendant is  subject to the jurisdiction of this Court.

2.

That the defendant  was properly served with the complaint in this matter.

3.

That defendant was properly named in this action.

4.

That defendant is subject to venue in this court.

5.

That on August 31, 2009, the date of the incident which is the subject of plaintiffs'

complaint, defendant owned the Belk Department Store located at 1454 Dogwood Drive ,

Conyers, Georgia.

6.

That on August 31, 2009, the date of the incident which is the subject of plaintiffs'

complaint, defendant operated the Belk Department Store located at 1454 Dogwood Drive ,

Conyers, Georgia.

7.

That on August 31, 2009, the date of the incident which is the subject of plaintiffs'

complaint, defendant was responsible for property maintenance of the Belk Department Store

located at 1454 Dogwood Drive , Conyers, Georgia.

Respectfully Submitted,

Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiff

Burroughs Johnson Hopewell Coleman, LLC
4262 Clausell Court, Site A
Decatur, Georgia 30035
(404) 289-2244

# General Civil Case Filing Information Form (Non-Domestic)

**Court**      **County** Gwinnett      **Date Filed**

☐ Superior

☑ State      **Docket #**    11C-02734-3       MM-DD-YYYY

**Plaintiff(s)**

Lester   Detric

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

Burt   Charlie

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

**Defendant(s)**

Belk, Inc.

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|-------------------------|--------|

**No. of Plaintiffs** 2

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Hopewell      Genet

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 493920

---

### Check Primary Type (Check only ONE)

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☑ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

---

### If Tort is Case Type:
### (Check no more than **TWO**)

- ☑ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

TOM LAWLER, CLERK

FILED IN OFFICE
CLERK STATE COURT
GWINNETT CTY, GA
2011 MAR 30 PM 12: 55

Civil Action No. _____ 11C-02734-3

Date Filed _____ 3 30-11

State Court ☑
Magistrate Court ☐
Georgia, ▓▓▓▓ County

Attorney's Address

Name and Address of Party to be Served

Plaintiff

VS.

Defendant

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ Polk Inc _____ by leaving a copy of the within action and summons with _____ Isabel Ruiz _____ (AP) in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20___.

1210 PM

_____ Deputy

SHERIFF DOCKET_____ PAGE_____