IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DETRIC LESTER and CHARLIE BURT, <br><br> Plaintiffs, <br><br> v. <br><br> BELK, INC. <br><br> Defendant. | ] <br> ] <br> ] <br> ] <br> ] <br> ] CIVIL ACTION FILE NO.: <br> ] 1:11-CV-1410-TCB <br> ] <br> ] <br> ] |

## ANSWER

Belk, Inc. ("Belk") hereby responds to Detric Lester and Charlie Burt's Complaint for Damages, showing the Court as follows:

### FIRST DEFENSE

The complaint, and each cause of action stated therein, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

No act or omission of Belk (or any of its agents or employees) caused or contributed to the injuries or damages alleged in the complaint.

### THIRD DEFENSE

The injuries and damages alleged in the complaint were not proximately

caused by Belk (or any of its agents or employees).

## FOURTH DEFENSE

If Belk acted or failed to act as alleged in the complaint, which Belk specifically denies, there were separate or intervening acts on the part of person(s) and/or entity(ies) other than Belk, which were the sole proximate cause of the damages and injuries alleged in the complaint.

## FIFTH DEFENSE

Ms. Lester may have been negligent and such negligence was equal to or greater that any alleged negligence on the part of Belk, and Belk specifically denies that it was negligent in any manner.

## SIXTH DEFENSE

The plaintiffs failed to specifically state the special damages they seek.

## SEVENTH DEFENSE

There may have been a voluntary and knowing assumption of the risk of any damages or injuries alleged in the complaint, the danger of which was so obvious that the act of taking such risk in and of itself amounted to a failure to exercise ordinary care and diligence.

## EIGHTH DEFENSE

The injuries and damages alleged in the complaint were the result of acts or

failures to act of a person(s) and/or entity(ies) other than Belk.

## NINTH DEFENSE

The plaintiffs failed to join a party under Fed. R. Civ. P. 19.

## TENTH DEFENSE

Belk did not have superior knowledge of the purported hazard alleged in the complaint.

## ELEVENTH DEFENSE

The plaintiffs had equal or superior knowledge of the purported hazard alleged in the complaint.

## TWELFTH DEFENSE

In response to the specifically numbered allegations of the complaint, Belk states as follows:

1. Belk admits the allegations contained in paragraph 1 of the Complaint. As to the allegations relating to jurisdiction and venue, Belk admits that jurisdiction and venue are proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

2. Belk admits that the plaintiffs have asserted a negligence cause of action as alleged in paragraph 2 of the complaint. Belk, however, denies all remaining allegations contained in paragraph 2 of the complaint.

3.  In response to the allegations contained in paragraph 3 of the complaint, Belk admits that on August 31, 2009, it has a department store located at 1454 Dogwood Drive, Conyers, Georgia. Belk, however denies as phrased all remaining allegations contained in paragraph 3 of the complaint.

4.  Belk lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the complaint.

5.  Belk denies the allegations contained in paragraph 5 of the complaint.

6.  Belk denies the allegations contained in paragraph 6 of the complaint.

7.  Belk denies the allegations contained in paragraph 7 of the complaint.

8.  Belk denies the allegations contained in paragraph 8 of the complaint.

9.  In response to the allegations contained in paragraph 9 of the complaint, Belk acknowledges it has certain duties to its customers. Belk, however, denies as phrased the remaining allegations contained in paragraph 9 of the complaint.

10. Belk denies the allegations contained in paragraph 10 of the complaint.

11. Belk, at this time, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the complaint.

12. Belk denies the allegations contained in paragraph 12 of the

complaint.

13. Belk denies the allegations contained in paragraph 13 of the complaint.

14. Belk denies the allegations contained in paragraph 14 of the complaint.

15. In response to paragraph 15 of the complaint, Belk incorporates its defenses and responses to paragraphs 1-14 above fully as if set forth verbatim herein.

16. Belk, at this time, lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Lester was the husband of Ms. Lester as alleged in paragraph 16 of the complaint. Belk denies the remaining allegations contained in paragraph 16 of the complaint.

17. Belk denies the allegations contained in paragraph 17 of the complaint.

18. In response to the complaint as a whole, including the prayer(s) for relief contained in the ad damnum clause, Belk specifically denies any allegations except those specifically admitted herein.

**WHEREFORE**, having fully responded to the complaint, Belk prays as follows:

a. That its defenses be inquired into and the same be sustained;

b. That it have judgment in its favor and against the plaintiffs;

c. That all costs be taxed against the plaintiffs;

d. That it be reimbursed its attorneys' fees and costs related to the defense of this action; and

e. That this Court enter such other and further relief as it deems just and proper under the circumstances.

This 6th day of May, 2011.

          **MILLER & MARTIN PLLC**

          /s/ Michael P. Kohler
          By:  Michael P. Kohler
              Georgia Bar No. 427727

          1170 Peachtree Street, N.E., Suite 800
          Atlanta, Georgia 30309-7706
          Tel. No.: (404) 962-6100
          Fax No.: (404) 962-6300

          *Attorneys for Defendant Belk, Inc.*

## CERTIFICATE OF COMPLIANCE

In accordance with LR 7.1(D), NDGa, the undersigned counsel hereby certifies that the foregoing **ANSWER** has been prepared using Times New Roman (14 point), one of the fonts specified in LR 5.1(C), NDGa.

This 6th day of May, 2011.

**MILLER & MARTIN PLLC**

/s/ Michael P. Kohler
By:   Michael P. Kohler
       Georgia Bar No. 427727

1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Tel. No.: (404) 962-6100
Fax No.: (404) 962-6300

*Attorneys for Defendant Belk, Inc.*

## **CERTIFICATE OF SERVICE**

Defendant Belk, Inc., by and through its counsel of record, hereby certifies on the below date it caused the foregoing **ANSWER** to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

| Genet M. Hopewell<br>4262 Clausell Court, Suite A<br>Decatur, Georgia  30035<br>Email: genethopewell@bjhlawyers.com<br>*Attorneys for Plaintiffs* | E. Duane Jones<br>4262 Clausell Court, Suite A<br>Decatur, Georgia  30035<br>Email: duaneatty@aol.com<br>*Attorneys for Plaintiffs* |
|---|---|

This 6th day of May, 2011.

**MILLER & MARTIN PLLC**

/s/ Michael P. Kohler
By:  Michael P. Kohler
    Georgia Bar No. 427727

1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Tel. No.: (404) 962-6100
Fax No.: (404) 962-6300

*Attorneys for Defendant Belk, Inc.*